[No. 1378-2.  Division Two.  July 21, 1975.]

RONALD R. ROSS, *Respondent,* v. JACK PERELLI, *Appellant.*

*Laurence R. Weatherly* (of *Keller, Rohrback, Waldo, Moren & Hiscock*), for appellant

*M. Chandler Redman* (of *Smith, Redman & O'Hare*), for respondent.

PETRIE, J.—Defendant, Jack Perelli, has appealed from a judgment holding him individually liable to plaintiff broker for a $1,500 real estate commission together with costs.[1]

The facts are not in dispute. In early March 1973, Robert Scatena, a salesman for Ronald Ross and Silverdale Realty, contacted Jack Perelli regarding some property that Silverdale had listed for sale. After having the property cruised,

[1]The court limited recovery to Mr. Perelli individually because his wife did not sign the listing agreement.

Perelli indicated that he was not interested, but he did ask Scatena if Scatena would be interested in selling a 10-acre parcel of Perelli's property, which had been logged recently. Perelli suggested a price of $2,000 an acre. However, after viewing the property, Scatena suggested that the property should be sold for $1,500 an acre. A 30-day exclusive listing agreement was prepared and signed by Jack Perelli. Mrs. Perelli did not sign the listing. The total purchase price was to be $15,000, 20 percent down and the balance to be paid in 10 years at 7½ percent interest. Perelli knew that the commission was to be 10 percent of the sale price.

Later that day Scatena showed the property to Dan Lathrop, another Silverdale salesman. Lathrop then contacted his mother who, after inspecting the property, requested that an earnest money agreement be prepared. On March 22, 1973, an earnest money receipt and agreement which exactly met the terms of the listing agreement was prepared by Dan Lathrop and executed by Vera Lathrop. Dan Lathrop later signed it as the agent for Mr. Ross and Silverdale Realty. The earnest money agreement was then presented to Mr. Perelli who refused to sign it. During this transaction Perelli was never informed of the relationship between the Silverdale salesman, Dan Lathrop, and the prospective purchaser, Vera Lathrop. The trial court specifically found (and the finding is not challenged) that apart from the relationship between the purchaser under the earnest money agreement and the agent who wrote it up, no evidence was adduced at the trial to demonstrate that the plaintiff had failed in his duty to the defendant.

When the sale was never consummated, Ross filed a complaint to recover the $1,500 real estate commission contemplated by the listing agreement. The trial court found for Ross, and Perelli now appeals.

The issue presented by this appeal is whether, in the absence of any injury to the principal, intent to defraud, or advantage to the broker or to the prospective purchaser, does the mere failure of a real estate broker-agent to make

a timely disclosure to his principal of a close familial relationship between the participating subagent and the prospective purchaser constitute sufficient fraud so as to deprive the agent of the commission to which he would otherwise be entitled. We hold that it does and reverse the trial court.

■ When a seller lists property for sale with a real estate brokerage firm an agency relationship is created between the broker and the seller. This agency relationship imposes a fiduciary duty and obligation upon both the broker and his subagents to exercise the utmost good faith and fidelity toward the principal. It also imposes a legal, ethical, and moral responsiblity on the broker-agent to exercise reasonable care, skill and judgment in obtaining the best bargain possible; to avoid any antagonistic interest or become personally involved with the property without explicit and fully informed consent of the principal; and to make, in all instances, full, fair and timely disclosure of material facts which might affect the principal's rights and interests or influence his actions. *Mersky v. Multiple Listing Bureau of Olympia, Inc.*, 73 Wn.2d 225, 437 P.2d 897 (1968); *Frisell v. Newman*, 71 Wn.2d 520, 429 P.2d 864 (1967); *Wesco Realty, Inc. v. Drewry*, 9 Wn. App. 734, 515 P.2d 513 (1973).

■ Implicit in these duties of loyalty, good faith and full disclosure is the obligation of the agent-broker to clearly, expressly, and timely reveal to his principal any familial relationship between the broker or participating subagent and the prospective buyer. This obligation has been recognized and imposed upon brokers in this state in *Mersky v. Multiple Listing Bureau of Olympia, Inc., supra,* (sister and brother-in-law) and *Hay v. Long*, 78 Wash. 616, 139 P. 761 (1914) (wife). *See also Duty of real-estate broker to disclose that prospective purchaser is a relative,* Annot., 26 A.L.R.2d 1307 (1952). When a broker or his subagent either intentionally or negligently entangles the affairs of his principal with those of the agent's kin without disclosure to and consent of the principal, it amounts to

fraud in law which permits a principal to recoup the commission paid to the agent-broker. *Mersky v. Multiple Listing Bureau of Olympia, Inc., supra.*

However, in the case at bench, the record clearly shows that Mr. Perelli was not injured, that the relationship was not intentionally concealed, and that neither Mr. Lathrop nor his mother obtained any advantage due to Lathrop's silence. These facts are immaterial. *See Hay v. Long, supra.* Through the years, the nature of the fiduciary duty imposed by the agency relationship has been announced emphatically. Relatively recently it has been restated:

> It is of no consequence, in this regard, that the broker may be able to show that the breach of his duty of full disclosure and undivided loyalty did not involve intentional or deliberate fraud, or did not result in injury to the principal, or did not materially affect the principal's ultimate decision in the transaction. The *rule and* the available *remedies,* instead, *are designed* as much *to prevent fraud* as to redress it, and follow directly upon the heels of the broker's deliberate or innocent failure to timely and fully disclose to his principal the fact of the interdicted relationship, for the reason that *the very existence of the relationship may have corroded the broker's obligation of undivided loyalty, may have been a material circumstance to the principal, or may have affected his actions or decisions in the course of the transaction involved.*

(Italics ours.) *Mersky v. Multiple Listing Bureau of Olympia, Inc., supra* at 231.

More than 60 years ago the court asserted that it was of no consequence that no fraud was actually intended, or that no advantage was in fact derived from the transaction. Instead, the court declared that it was against the public policy of the law to encourage an agent to deal with property through the medium of those in close relationship and having a like interest with himself. *Hay v. Long, supra.*

Lathrop's inadvertent failure to disclose his familial relationship with the prospective purchaser breached his duties of full disclosure and undivided loyalty. This amounted to

fraud in law and deprived the broker the commission to which he would otherwise have been entitled.

We turn briefly to two additional arguments raised in support of the judgment.

· Ross first contends that any duty of disclosure is inapplicable because it would have required him to perform a futile act. He argues that he never had an opportunity to reveal Mrs. Lathrop's relationship because Perelli refused to complete the transaction. Once the agreement was repudiated, any subsequent disclosure would have been futile. We find no merit to the argument. The rule requires a *timely* disclosure. Timeliness in this instance required that the relationship between the agent and purchaser be disclosed to Mr. Perelli prior to or simultaneously with the presentation of the earnest money agreement to him.

Ross also argues that he is entitled to the commission as damages resulting from Perelli's repudiation of the listing agreement. We disagree. We find nothing in the record to indicate that Perelli repudiated the listing agreement; only that he rejected Mrs. Lathrop's earnest money agreement.

Judgment reversed and remanded with direction to dismiss the complaint.

ARMSTRONG, C.J., and PEARSON, J., concur.